## Ellen A. Bibbins v. City of Chicago.

94    319
r193s 359
94    319
r193s 359

1. VERDICT—*As Settling Controverted Questions of Fact.*—Where the questions of fact in a case have been passed upon by a jury and their verdict sanctioned by the trial court, and the Appellate Court is able to discover no errors in the record, the judgment will be affirmed.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed March 29, 1901. Rehearing denied.

F. S. McELHERNE and A. B. MELVILLE, attorneys for appellant.

ANDREW J. RYAN, JAMES J. KELLY and JOHN E. KEHOE, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This suit was brought by appellant to recover for an alleged injury to her person sustained upon an alleged obstructed sidewalk on Wilson avenue, at the southeast corner of that street and Lincoln street, in Chicago. The jury found appellee not guilty, and a judgment in accordance with the verdict was entered.

No attention has been paid by counsel for appellant to the rule of court which requires that their briefs shall "contain a short, clear statement of the points, and the authorities in support thereof." We might, therefore, refuse to consider the case in their behalf, but no motion having been made by appellee to strike the briefs from the files for non-compliance with the rule, and it being more of a reflection upon the court to deny a fair hearing to an aggrieved litigant, than it is punishment to counsel neglectful of their duty, we will endeavor, so far as able, to pick out and discuss what we consider to be the essential matters involved in the case.

The only plea filed by appellee was the general issue, and no claim seems at any time to have been made that the declaration was insufficient to state a case upon which a recovery might be sustained.

No defect in the sidewalk, itself, is charged, the charge being confined to obstructions on the sidewalk. The accident occurred February 5, 1898. Before that time there had been considerable falls of snow, portions of which, turned into ice, remained on the walk and made it rough and slippery. The walk itself was a cement walk and in perfect condition, except as claimed by appellant; refuse from the adjoining new building lay upon some parts of it, covered by the snow and ice. Appellant, testifying, said of the walk:

"It was rough. There was snow there. The walk was rough with snow and ice, and it was full of ridges and hunks. It was very rough. I was walking toward the outer edge of the walk. It was the smoothest part—the best part—of the walk."

Of the manner in which she came to fall she testified:

"I did not slip on the day I fell; I stubbed my toe against the rough walk—the ice. I do not know whether it was a chunk of ice that I stubbed my toe against; it was something rough; there was ice there; I do not know what it was."

It seems that the outer edge of the walk, where appellant was walking and fell, was raised about one foot or one and a half feet above the other portions of the walk, be-

cause, presumably, of the increased accumulation there, and that there was there a broken path upon which appellant walked, about one foot wide, which, according to appellant's testimony, was smoother and better than any other part of the walk.

It was a controverted fact as to whether the path she took was on the sidewalk or on the space between the sidewalk and the street curb, and it was a question of some importance, as tending to locate the location of the rubbish under the snow.

It is claimed by appellant that she was improperly denied the right to show to the jury the nature, in detail, of the obstructions that are claimed to have existed on the walk before the snow fell and concealed them. This claim is based upon the theory of the declaration that the existence of the claimed obstructions rendered the walk more dangerous after it became covered with snow and ice, than it would have otherwise been.

We are not prepared to say that such evidence would not have been proper, in order to show the extent that such obstructions contributed to appellant's injuries. Although such evidence, as given by one witness, was struck out (for some reason not apparent), the existence of such obstructions, by sand, brick-bats, etc., before the snow-fall, was proved by so many other witnesses that it can not be fairly said to be a matter in dispute, and the ruling did no harm.

Again, it is claimed that appellant was not permitted to show the amount of snow-fall from time to time between November 5, 1897, and January 22, 1898.

The existence of the snow and ice from January 22, 1898, to the date of the injury, was not disputed, and, except for the purpose of establishing more completely the implied notice to the city, it was unnecessary to go further back. The condition of the walk at the time of the injury was the proper inquiry, except, as said, for the purpose of establishing notice to the city.

As to that limited inquiry—notice to the city—the express testimony of some of the witnesses shows, and the

fair inference from all the testimony on the subject is, that no snow that fell at any time during the winter, and none of the rubbish that was concealed by it, was ever removed by the city, and that its presence was known to all who went that way. If that were the only vital question, we should have no hesitation in holding that the obstructions had existed long enough to constitute implied notice to the city.

Another inquiry by appellant that was not allowed by the court was the condition of the sidewalk on Lincoln street upon which appellant had traveled, leading around to Wilson avenue, the place of injury.

Such inquiry was properly excluded. The condition of other streets or sidewalks was in no manner pertinent to the inquiry as to the condition of the sidewalk at or near the place of the injury. It was an entirely immaterial inquiry, whether she took the path at one point or another. If the path at the point she fell, were on a part of the sidewalk, she had a right to be there, no matter whether she came from Lincoln street or not, unless it was of itself a dangerous place, and known to be so, to her.

Some other objections are made to the rulings of the court in respect of the admission and rejection of evidence, misconduct of jurors, and remarks of counsel in argument to the jury, and rejection of evidence, but they are not vital to the case, or important, and do not seem to require special mention.

If appellant wished us to specifically consider the instructions given in behalf of appellee, the particulars in which they are thought to be faulty should have been pointed out. But that has not been done. We have, however, examined them and they seem to be free from adverse criticism.

The questions of fact in the case have been passed upon by the jury, and their verdict has been sanctioned by the trial court, adversely to the appellant, and we discover in the record no such errors of law as permits us to say that appellant ought to have another trial.

The order therefore will be that the judgment of the Superior Court stand affirmed.